**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

PENNY ANN W.,

                            Plaintiff,

      - v -                                      Civ. No. 5:17-CV-1122
                                                                (DJS)

ANDREW M. SAUL, *Comm'r of Soc. Sec.*,[1]

                            Defendant.

**APPEARANCES:**                                  **OF COUNSEL:**

OLINSKY LAW GROUP                  HOWARD D. OLINSKY, ESQ.
Counsel for Plaintiff
250 South Clinton Street
Ste 210
Syracuse, NY 13202

U.S. SOCIAL SECURITY ADMIN.       JAMES DESIR, ESQ.
OFFICE OF REG'L GENERAL COUNSEL
 - REGION II
Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION AND ORDER

### I. INTRODUCTION

On October 13, 2020, Howard D. Olinsky, counsel to Plaintiff in this action, submitted a Motion for Attorneys' Fees. Dkt. No. 20. Defendant submitted a Response to the Motion, stating that the amount requested does not exceed the statutory cap, that

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019 and is substituted as the Defendant pursuant to Federal Rule of Civil Procedure 25(d).

1

there was no evidence of fraud or overreaching by counsel, and that the amount requested does not present an obvious windfall. Dkt. No. 21. Upon review of the matter, the Court grants Plaintiff's Motion.

## II. BACKGROUND

Plaintiff filed a Complaint in this matter on October 9, 2017, seeking review of the Commissioner's determination denying Plaintiff's application for disability benefits. Dkt. No. 1. The parties filed Motions for Judgment on the Pleadings, and on December 19, 2018, this Court granted Plaintiff's Motion, remanded the matter for further administrative proceedings, and entered judgment in favor of Plaintiff. Dkt. Nos. 15 & 16. The parties stipulated as to Plaintiff's first Motion for Attorneys' Fees pursuant to the Equal Access to Justice Act ("EAJA"), and the Court ordered such attorneys' fees awarded in April of 2019. *See* Dkt. Nos. 18 & 19. At that time, $6,750.00 was awarded and received by counsel. *See id.* Upon review of the matter on remand, the Administrative Law Judge issued a favorable decision awarding Plaintiff benefits. Dkt. No. 20-2. That decision resulted in an award to Plaintiff of total past due benefits of $74,270.00. Dkt. Nos. 20-1 & 20-4. On October 13, 2020, Plaintiff's counsel filed a Motion for Attorneys' Fees pursuant to 42 U.S.C. § 406(b). Dkt. No. 20.

Plaintiff's counsel seeks attorneys' fees in the amount of $12,567.50, of which he would remit to Plaintiff the sum of $6,750.00 previously awarded from the EAJA fees.

## III. DISCUSSION

The Social Security Act provides:

2

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).  This section "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  The court "must give due deference to the intent of the parties, but it ought not blindly approve every fee request made pursuant to a contingent agreement."  *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

"[A] requested fee based on a contingent fee arrangement should be enforced unless the court finds it to be unreasonable."  *Id.* at 370.  In determining whether a fee is reasonable, a court should consider whether the attorney is responsible for a delay in the proceedings, as well as "whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney."  *Id.* at 372; *Gisbrecht v. Barnhart*, 535 U.S. at 808.  In determining whether an award would constitute a windfall,

> courts in this circuit have identified several relevant considerations, which include: (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Porter v. Comm'r of Soc. Sec.*, 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009) (quoting *Rowell v. Astrue*, 2008 WL 2901602, at *4 (E.D.N.Y. July 28, 2008)).  If the

court finds the fee is unreasonable, the court "may reduce the fee provided it states the reasons for and the amounts of the deductions." *Id.*

Here, the contingency fee agreement provides in pertinent part that "I understand that my federal court attorney [ ] has the right to ask the court to award any remaining balance of 25% of my past-due benefits ('406(b) fees') for representing me in federal court." Dkt. No. 20-3. The amount requested does not exceed the 25% cap, and there is no evidence of fraud or overreaching.

Counsel seeks $12,567.50 in attorneys' fees. Counsel notes a total of 30.3 hours expended on this matter at the federal court level, 22.6 of which were attorney hours and 7.7 of which were paralegal hours. Dkt. No. 20-1 at ¶ 11 & Dkt. Nos. 20-5 through 20-7. Counsel notes that if the paralegal hours are billed at $100 per hour and deducted, the effective hourly attorney rate is $522.01. *Id.* Defendant notes an effective hourly rate of $556.08, based solely on attorney time.[2] Dkt. No. 21. Either rate is within the range regularly awarded as attorneys' fees in this type of case. *See Eric K. v. Berryhill*, 2019 WL 1025791, at *2 (N.D.N.Y. Mar. 4, 2019) (awarding attorneys' fees at a *de facto* hourly rate of $1,500); *Insel v. Comm'r of Soc. Sec.*, 2017 WL 6558585, at *1 (N.D.N.Y. Dec. 22, 2017) (finding a *de facto* hourly rate of $416.60 would not be a windfall); *Filipkowski v. Barnhart*, 2009 WL 2426008, at *2 (N.D.N.Y. Aug. 6, 2009) (awarding attorneys' fees at a *de facto* hourly rate of $743.30). As for the effort expended by the attorney, this is

---

[2] "Although the Court cannot rely on the lodestar method to determine whether the fees sought are reasonable, Plaintiff's counsel's record of the time he expended in federal court and the tasks that he performed related to the federal court litigation is one factor that the Court may consider in determining reasonableness." *Whittico v. Colvin*, 2014 WL 1608671, at *5 (N.D.N.Y. Apr. 22, 2014).

not a case in which the matter was simply remanded upon stipulation of the parties; counsel prepared a Motion for Judgment on the Pleadings which was compelling enough that the Court remanded the matter for further consideration. In addition, Plaintiff has been awarded significant benefits as a result of the litigation. Finally, in reviewing counsel's time log, it generally appears to reflect properly recorded and appropriate attorney work. The Court therefore finds that the amount requested would not constitute a windfall, and will not deny the Motion on that basis.

Finally, the Motion was submitted timely. "Unless a statute or a court order provides otherwise, the motion [for attorneys' fees] must: (i) be filed no later than 14 days after the entry of judgment[.]" FED. R. CIV. P. 54(d)(2)(B). This rule applies to Section 406(b) attorneys' fee applications following a district court remand of an agency denial of benefits. *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. Aug. 2, 2019). Because the Commissioner typically calculates benefits "months after the district court remands," however, the timeframe may be tolled pending the Commissioner's calculation of benefits following remand, and then would begin to run upon the claimant receiving notice of the benefits calculation. *Id.* at 86-91.

In this case, the Motion was submitted on October 13, 2020, and the Notice of Award was received on September 30, 2020. Dkt. No. 20-4. The Motion was therefore submitted timely. *See id.* at 89. The Court will grant Plaintiff's Motion.

## IV.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion for Attorneys' Fees (Dkt. No. 20) is **GRANTED**; and it is further

**ORDERED**, that Attorney Olinsky is awarded the sum of $12,567.50 as fees pursuant to 42 U.S.C. § 406(b), to be paid from the amount withheld by the Commissioner of Social Security from the past due benefits awarded to Plaintiff; and it is further

**ORDERED**, that Attorney Olinsky is directed to remit to Plaintiff the sum of $6,750.00 that was previously awarded (and received) as attorneys' fees pursuant to the EAJA; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action in accordance with the Local Rules.

Dated: November 18, 2020
    Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge